# United States Court Of Appeals
# For The Tenth Circuit

RECEIVED U.S. COURT OF APPEALS 10TH CIRCUIT 2025 AUG 29 AM 10:33

Jeremy J. Lindsey
Plaintiff-Appellant

v.

Russell Cook
Defendant-Appellee

No. 21-3025

(D.C. No. 5:19-CV-03094)
(D. Kan)

## Amended Brief Of Plaintiff-Appellant

Appeal From The United States Distric Court
For The Kansas District
Holly Teeter
19-CV-3094

Jeremy Lindsey 92451
EDCF
PO Box 311
Eldorado KS, 67042

(1)

## Statement Of Case

Appellant filed a 1983 Suit for an unprovoked Attack from behind by a Prison Official. The Respondent moved for Summary Judgment. The Court granted Summary Judgment for failure To exhaust administrative remedies.

## Statement Of Facts

Appellant Separately numbered material Facts, and disputed defendants Claim With appellants own affidavit, with Personal Knowdlege Stating his grievances were Ignored, and did Present an affidavit based On Personal Knowdlege to the warden and The S.O.C. Informing them of their failure To respond to grievances. The Court disregarded Plaintiff's affidavits based on Personal Knowlege As to factual Contentions, But deemed the Defendants facts admitted. The district Court Granting Summary Judgment was based on an error Of facts as to KDOC grievance Procedure. The Grievance Policy Attached as Exhibit a will Show Plaintiff was in Compliance with Exhaust Policy.

(2)

# Statement Of Issues

## Issue Number 1

The district Court errored in granting Summary Judgment based on a failure to exhaust remedies.

## Argument And Authorities

A personal Injury Claim with the exact same facts And issues was exhausted to the highest level, The S.O.C. See exhibit B the S.O.C. denied relief. The Grievance Procedure was exhausted to the highest Level, each step was not responded to and ignored. Plaintiff has exhausted all avaliable remedies to the Highest level, the S.O.C. Exhibit b show the highest Level denying relief on the exact same facts stated In grievance Procedure that was ignored. Plaintiff Submit the fact that KDOC highest level, the S.O.C. Has reviewed and denied the same issue that was Written on a separate form, However Plaintiff did Simultaneously file a grievance Procedure, but Prison officials failed to respond or return his Grievances, and the S.O.C. Never responded to The grievance Procedure. Prison officials hindered The grievance Process by failing to answer or

(3)

Return grievances, It is undisputed that from The begining, At the first Step Of grievance Process Prison Officials never returned or Responded to the very first Step, thus hindering The Process from the Start. Defendant do Not dispute they didnt return the first Step. See Little.V Jones 607 F3d 1245 (10thcir 2010) Prison Officials hindering Prisoner effort to avail himself render that remedy Unavailable.

Plaintiff Explained Why he didnt have receipts, All receipts got Seized along with all property Taken by Prison Staff See exhibit C, Plaintiff Has been transfered, and upon transfer Property Officer locate all stored Property to transfer With the inmate. Plaintiff's receipts has been Found with the returned Stored Property once transfered. See exhibit C receipts Showing What Plaintiff Stated at the begining, that His Property was Seized and his receipts were With that Property See Exhibit C Receipts Of Grievance, Showing Administrative exhaustion.

## Personal Injury Claim Exhausted Remedies

Plaintiff request the Court Adopt

Plaintiff's Personal Injury Claim as Exhaustion of administrativ remedies due To The Highest level, the S.O.C. denying Relief as to the identical greivance issue. The Claim was investigated and denied BY the S.O.C. on the merits.

For Support See Camp v Brennan 219 F3d 279 280 (3rd cir 2000) And multiple Juridictions Under Section 1997(e)(a) Prisoner need only To exhaust remedies available, When there IS a Substantial determination at the Highest Level, there would be even more Reason to invoke the Joseph Heller metaphor To describe any notion that Camp must Jump Through any futher administrative hoops to Get the Same answer. Thus Judicial Consideration IS now open to him Confer Johnson v Englander 1:20-CV-398-Se-AJ (D.N.H. Aug 6, 2024) Were A Prisoners allegation have been fully examined On the merits by Ultimate Administrative Authority, Prisoner is not required to Jump Through futher Administrative hoops to get the Same answer.

Plaintiff's excessive force Claim was investigated BY the Ultimate Administrative Level Just

(5)

Like Camp v Brennan, Plaintiff's Claim was Investigated By the Ultimate Administrative Authority, And even then relief was denied Based on identical facts, and Identical relief. Plaintiff took both Steps, Grievance, and Personal Injury Claim, Plaintiff Can't force Prison officials To respond or return grievances filed.

## Conclusion Of Issue One

The U.S. Supreme Court has held in discussing Congress Purpose for requiring exhausting, Is to afford Prison officials the opportunity To address complaints internally.

Plaintiff Complaint was address internally by The Ultimate Authority See exhibit. B Plaintiff Respectfully request hold he exhausted his Administrative Remedy on the Personal Injury Claim alone, and adopt Camp v. Brennan. The Plaintiff request reversal Of Summary Judgment, And hold if a Personal Injury Claim has been Investigated by the Ultimate Authority, A Plaintiff Has complied with Congress mandate by giving Prison officials the opportunity to internally Address complaints Submitted.

(6)

# Second Issue

Appellant Presented (2) Affidavits in support to oppose Summary Judgment, these affidavits were made by the Plaintiff's Personal Knowdlege as to the filing of his Grievances to the highest Command, and how the Filed grievances were not responded to, or returned, And the reciepts were Seized with Plaintiffs Property. Plaintiff's affidavits laid out clear facts based on his Personal Knowdlege, and Satisfied the federal rule of Criminal Procedure. See exhibits A and D.

Appellant's Personal Injury Claim was based on identical Facts Stated in his grievances, and was investigated By the Ultimate authority. The Affidavits and the Personal injury Claim Created a material issue of fact. See Exhibit B

Both Parties Presented affidavits Disputing each Others Claims, It was error to give the defendants Affidavit more Credit and Hold Plaintiff's affidavits Self-Serving. Appellant Presented admissable affidavits Under the Penalty of Perjury based on his Personal Knowdlege, And IS Compentent to testify. Rule 56 Was Satisfied. And affidavit that Satisfy F.R.C.P. Create a material issue And Preclude Summary Judgment.

7

See, U.S. V Stein 881 F 3d 853, This Court futher Held Affidavits that Satisfy F.R.C.P Create a material Issue of fact even if it's Self Serving, Uncorroborated. Nothing in rule 56 Prevent an affidavit an affidavit From being Self Serving, Self Serving affidavits Based on Personal Knowdlege Can defeat Summary Judgment. Affidavits were valid Per law, and Summary Judgment Shouldn't have been granted because The affidavits Created material issues of facts. See exhibit D and A.

## District Court Relied On Wrong Grievance Time Line

See Exhibit 1-2, Per K.D.O.C. Policy 44-15-102(9) If no response from the Warden is received in The time line, "[Any Grievance]" may be Sent to S.O.C. With explanation of delay.

Trial Court Errored by holding Plaintiff had 3 days To appeal when warden fail to timely respond, Per Policy Any Grievance may be Sent to S.O.C. With explanation Of delay See 44-15-102(9) For Futher Support See Exhibit (1) of (2) Section (4) If the warden did not respond the [Grievance] Shall be accepted.

Clearly Policy didn't say file an "Appeal"; Policy Permitted Plaintiff to file the Grievance to S.O.C. When Warden didn't respond [NOT] an appeal. See Exhibit Pg 1 of 2 Section (4) and see exhibit Pg 2 of 2 Section (G).

## Conclusion

District Court ruled in Error of Fact in granting Summary Judgment, because Plaintiff didn't have

(1) A 3 day deadline to appeal when Warden didn't reply.

(2) Affidavits based on Personal Knowdlege that was under the Penalty of Perjury, Self Serving or not didn't fail to Comply with rule 56. Thus Precluding Summary Judgment. Plaintiff was and Is competent to testify See US v Stien 881 F 3d 853 Affidavit that Satisfy Federal Rules based on Personal Knowdlege Preclude Summary Judgment. See Exhibits D and A.

Plaintiff Respectfully Request this Court reverse Summary Judgment on all grounds stated.

Respectfully Submitted
Jeremy Lindsey 92451
Po Box 311
Eldorado KS 67042

(9)

Certificate OF Service

I certify that on 8-20-25 I Sent a Copy of Brief to Prison Administration Legal Counsel At Eldorado Corr. Fac. BY Prison Mail Box

*Jeremy Lindsey*

I Certify my Brief is less than 30 Pages.

*Jeremy Lindsey*

Exhibit A

AFFIDAVIT
OF
FACT

Jeremy Lindsey
HCF
10/22/20

I Jeremy Lindsey declare under the penalty of perjury that on 4/12/2019, I did send the Warden of HCF and the S.O.C of Topeka a copy of exhibit A, the sworn statement, notarized, informing them that my filed grievances to them has not been responded to. As of the above date, my grievances filed still haven't been responded to. I declare these statements to be true under the penalty of perjury.

*Jeremy Lindsey*

# PROPERTY DAMAGE/LOSS OR PERSONAL INJURY CLAIM FORM

## Section I

DEPUTY WARDEN
APR 05 2019
PROGRAMS

| Filed AT Facility No.: | Facility Initials: HCF |
| Filed AGAINST Facility No.: | Facility Initials: HCF |

(Refer to PLC coding manual for facility no. & initials)

Name of Claimant (Last, First, MI): Jeremy Lindsey

KDOC Number: 92451

Type of Claim (circle one): Lost Property  Damaged Property  **(Injury)**

Amount of Claim: $50,000

Date of Loss Damage, or Injury (MO/DAY/YR): 12-11-2018

Where Loss, Damage, or Injury Occurred:

If occurred in cellhouse, enter cellhouse/room number: CX

Otherwise, circle one of the following: Mailroom, R&D, Central Property, Laundry, Gym, Dining Room, Other Location

NATURE OF CLAIM (Set forth detailed facts, including date of loss, damage or injury, how it occurred, place of occurrence, how you claim institution or employee was negligent, and amount of the claim.): Attached is a Notorized statement of facts, Employee violated IMPP12-111 Use of force Policy. My Neck is injured and I'm now waiting to see medical staff for my Neck. Video will show I never did anything, and Staff attacked me without cause. Affidavit Attached, Informal Resolution Attached.

I am aware that presenting a false claim may result in penalties (under K.S.A. 75-7501 et seq., K.A.R. 44-12-101 et seq., etc.), and I declare (or verify, certify or state) that the foregoing is true and correct to the best of my knowledge, understanding, and belief.

Claimant Signature: Jeremy Lindsey  Date: 12-12-2018

Subscribed and sworn to before me this 12 day of December, 20 18

Notary Public: Terrin R. Hackney

My Commission Expires: 4/4/2021

TERRIN R. HACKNEY
Notary Public - State of Kansas
My Appt. Expires 4/4/2021

Received from Offender/Claimant: Date: 12/12/19  Time: 13 12

UT Name (print): CCI Sanchez  UT Signature:  Claimant Initials: JL

## Section II

Received by Warden/Superintendent on (MO/DAY/YR): 01-22-19  Facility Log No. Assigned: BA0008

Investigation Report: SEE ATTACHED

RECEIVED MAR 14 2019

Date (MO/DAY/YR): 3/7/19  Investigator Name (print): Lloyd Jensen III UTM  UT Member or Investigator Signature: L Jensen

Form #01-118D-001

Exhibit C

12th

Tear off and give to inmate when submitted to Unit Team through receiving staff.
Inmate Name  Jeremy Lindsey                                  Number  92451
Receiving Staff Signature  [signature]                       Date  12.28.2018
**Effective Date (3-18-96) P-157**

Tear off and give to inmate when submitted to Unit Team through receiving staff.
Inmate Name  Jeremy Lindsey                                  Number  92451
Receiving Staff Signature  [signature]                       Date  1-21-2019
**Effective Date (3-18-96) P-157**

Secretary OF Correction - Warden Failed to Respond

Tear off and give to inmate when submitted to Warden through Unit Team.
Inmate Name  Jeremy Lindsey                                  Number  92451
Unit Team Staff Signature  [signature]                       Date  1/21/2019

## Section III

Warden/Superintendent's Findings:

Warden/Superintendent's Recommendation:  01-Approved for same amount
(circle one)  02-Approved for lesser amount of _____
 ~~03-Disapproved~~ (circled)
 04-Claim Withdrawn

Date (MO/DAY/YR): 3-8-19  | Signature - Warden/Superintendent or Designee

## Section IV

Date Received by Central Office (MO/DAY/YR): 3-11-19
Secretary's Response:

Secretary's Recommendation:  01-Approved for same amount
(circle one)  02-Approved for lesser amount of _____
 03-Disapproved (circled)
 04-Claim Withdrawn
 10-Held pending submission of supplemental data

Date (MO/DAY/YR): 3-11-19  | Signature - Secretary or Designee

## Section V

Offer of Settlement (STAFF USE ONLY): _____

**CLAIMANT MUST COMPLETE THE FOLLOWING IF PAYMENT IS TO BE AWARDED**

I agree to accept the above offer as full and final settlement of this claim against the State of Kansas and any individual, employee or agent thereof, and I waive any claims against the State, its agencies or employees arising out of this incident.

Date:  | Claimant Signature:  | Social Security No.:

**NOTE:** This claim cannot be processed and paid by the Division of Accounts and Reports unless the claimant has disclosed his/her social security number. Any payments to offender claimants shall be in the form of credits to offender trust fund accounts.

Action by Accounts & Reports: **Paid** _____ **Not Paid** _____

Exhibit 1 of 3

12/2/21, 12:27 PM    Section 44-15-102 - Procedure, Kan. Admin. Regs. § 44-15-102 | Casetext Search + Citator
Appellate Case: 21-3025    Document: 010110614860    Date Filed: 12/06/2021    Page: 44

(4) If a grievance report form is submitted to the secretary without prior action by the warden, the form may be returned to the warden. If the warden did not respond in a timely manner, the form shall be accepted by the secretary.

(5) An appropriate official may be designated by the secretary to prepare the answer.

(d) General provisions: page limits; partial responses; repetitive filings.

(1) At each step of the grievance procedure, the total number of pages of inmate grievance text shall not exceed 10 pages. Text appearing on the front and back of a page shall count as two pages. Any page of text beyond 10 pages shall not be considered when determining the merits of the grievance.

(2) Responding to parts of grievances that are procedurally or substantively appropriate shall not constitute a waiver of defects with the remaining parts of the grievance that are not procedurally or substantively appropriate.

(3) No offender shall abuse the grievance system by repeatedly filing the same complaint.
(A) Each offender who has been identified as being abusive of the grievance system by filing the same complaint on more than one occasion shall be notified in writing of this finding by the warden or secretary's designee responsible for responding to inmate grievance appeals who receives the repeated filing.

(i) The notification shall be given at the time of the repeated filing.

(ii) The repeated filing shall be returned to the offender with the notification but without further substantive response.

(iii) The notification shall contain reference to the matter of which the grievance is repetitive.

(B) If, following this notification, an offender continues to file the same complaint, the warden or secretary's designee may make application to the secretary to impose sanctions to remedy the abuse.

(C) Upon the finding by the secretary of an abusive filing, a fee of not more than five dollars may be imposed on the offender.

(D) Any application for sanctions submitted to the secretary by a warden or secretary's designee for consideration may be referred by the secretary to a designee other than a

12/2/21, 12:27 PM    Section 44-15-102 - Procedure, Kan. Admin. Regs. § 44-15-102 | Casetext Search + Citator

Exhibit 2 of 2

Appellate Case: 21-3025   Document: 010110614860   Date Filed: 12/06/2021   Page: 43

inmate that the inmate may appeal by submitting the appropriate form to the secretary of corrections.

(C) In all cases, the original and one copy of the grievance report shall be returned by the warden to the inmate. The copy shall be retained by the inmate for the inmate's files. The original may be used for appeal to the secretary if the inmate desires. The necessary copies shall be provided by the warden.

(D) A second copy shall be retained by the warden.

(E) Each facility shall maintain a file on grievance reports indexed by inmate name and subject matter. Grievance report forms shall not be placed in the inmate's institution file.

(F) Any grievance report form may be rejected by the warden if the form does not document any unit team action as required for the preliminary informal resolution process. The grievance report form shall then be sent back to the unit team for an immediate answer to the inmate.

(G) If no response is received from the warden in the time allowed, any grievance may be sent by an inmate to the secretary of corrections with an explanation of the reason for the delay.

(c) Grievance step three: appeal to the secretary of corrections.

(1) If the warden's answer is not satisfactory, the inmate may appeal to the secretary's office by indicating on the grievance appeal form exactly what the inmate is displeased with and what action the inmate believes the secretary should take. The inmate's appeal shall be made within three calendar days of receipt of the warden's decision, or within three calendar days of the deadline for that decision, whichever is earlier.

(2) The appeal shall then be sent directly and promptly by U.S. mail to the department of corrections central office in Topeka.

(3) When an appeal of the warden's decision is made to the secretary, the secretary shall then have 20 working days from receipt to return the grievance report form to the inmate with an answer. The answer shall include findings of fact, conclusions made, and actions taken.

Kansas
Laura Kelly, Governor
Department of Corrections
Jeremy Lindsey
El Dorado Correctional Facility
1737 SE Highway 54
El Dorado, KS 67042
92451

Legal Mail

Scanned by US Marshal

quadient
FIRST-CLASS MAIL
IMI
$002.10
08/22/2025 ZIP 67042
043M31240048
US POSTAGE
E-001

United States Court House
1823 Stout st 1st floor
Denver C O.
80202-2505