# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| JEREMY J. LINDSEY, | ) | |
| Plaintiff-Appellant, | ) | |
| v. | ) | No. 21-3025 |
| | ) | (D.C. No. 5:19-CV-03094-HLT-TJJ) |
| RUSSELL COOK, | ) | (D. Kan.) |
| Defendant-Appellee, | ) | |

## RESPONSE TO PLAINTIFF-APPELLANT'S MOTION TO REINSTATE APPEAL

### Introduction

Plaintiff-Appellant Jeremy J. Lindsey seeks reinstatement of his appeal three-and-a-half years after this Court dismissed the appeal for failure to pay the filing fee. Mr. Lindsey contends that this Court issued contradictory orders when it ordered him to pay installments on the filing fee and when it ordered him to pay the full fee within a shorter period of time. The Court did not contradict itself, ordering partial payments until the assigned panel could rule on the substance of the motion to proceed *in forma pauperis*, and Mr. Lindsey failed to pay the full fee by the deadline set by the Court. Mr. Lindsey has not provided any other justification for reinstating his appeal three-and-a-half years after it was dismissed. The court should deny the motion.

## **Procedural Background**

Plaintiff-Appellant Jeremy J. Lindsey docketed this appeal on February 9, 2021 and was ordered to file his 28 U.S.C. § 1915 forms or pay the docketing fee by March 11, 2011. [CTA10 Dkt. No. 1]. Following an abatement period and an extension, Mr. Lindsey filed his motion to proceed *in forma pauperis* on November 2, 2021. [CTA10 Dkt. No. 59]. Four years ago, on November 2, 2021, the Court indicated it would "defer ruling on the substantive aspects of [the motion for leave to proceed *in forma pauperis*]" and ordered Mr. Lindsey to begin making partial payments toward the full $505.00 fee. [CTA10 Dkt. No. 60]. The Court stated in that order that the IFP motion "will ultimately be addressed by the panel assigned to review this appeal." [*Id.*].

On February 23, 2022, the assigned panel from this Court ruled on the substantive aspects of the IFP motion, denying Mr. Lindsey's motion to proceed *in forma pauperis* on appeal. [CTA10 Dkt. No. 73]. The Court then ordered Mr. Lindsey to pay the full $505.00 appellate filing fee on or before March 25, 2022 and advised that "failure to pay the filing fee as directed will result in the appeal's dismissal for failure to prosecute." [*Id.*]. The Court later denied Mr. Lindsey's motion for reconsideration of that order [CTA10 Dkt. No. 78] and dismissed the appeal [CTA10 Dkt. No. 80] for failure to prosecute when Mr. Lindsey failed to pay the filing fee in full as it had directed, pursuant to 28 U.S.C. § 1915(g); 10th

Cir. R. 3.3(B), 10th Cir. R. 42.1.  Mr. Lindsey moved for reconsideration, but the Court denied the motion and the mandate on the dismissal issued on April 12, 2022.  [CTA10 Dkt. Nos. 78, 80, 81].  Mr. Lindsey subsequently filed a "Motion for Release of Judgment and or Reopen Case" on October 11, 2022, contending that the Court contradicted itself when it ordered him to pay the full fee by March 25, 2022, after it had ordered an installment payment model.  [CTA10 Dkt No. 88-1].

## Law and Analysis

A dismissal for failure to prosecute and reinstatement of an appeal following such a dismissal are governed by Tenth Circuit Rules 42.1 and 42.2. Those rules provide:

> **42.1 Dismissal for failure to prosecute.** When an appellant fails to comply with the Federal Rules of Appellate Procedure or these rules, the clerk will notify the appellant that the appeal may be dismissed for failure to prosecute unless the failure to comply is remedied within a designated time. If the appellant fails to comply within that time, the clerk will enter an order dismissing the appeal and issue a certified copy of that order as the mandate. The appellant may not remedy the failure to comply after the appeal is dismissed, unless the court orders otherwise.
>
> **42.2 Reinstatement.** A motion to reinstate an appeal dismissed for failure to prosecute may not be filed unless the failure is remedied or the remedy for the failure accompanies the motion.

"These rules recognize this court's inherent authority to manage our docket 'so as to achieve the orderly and expeditious disposition of cases.'" *United States v.*

*Contreras*, 234 Fed. App'x 862, 865 (10th Cir. 2007) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

In *Contreras*, the appellant sought reinstatement of an appeal more than three years after this court dismissed it for failure to file a brief. *Id.* At 863. The Court weighed competing interests at play in considering Contreras's motion to reinstate his appeal, recognizing that a criminal defendant's right to a direct appeal weighs in favor of granting such a motion while "'the profound interests in repose' attaching to the mandate of a court of appeals" weighed against the motion. *Id.* at 865 (*quoting Calderon v. Thompson*, 523 U.S. 538, 550, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998)). This Court elaborated on the interest of repose and finality, noting:

> As the Supreme Court has described the "inherent power" of courts to recall a mandate, it is a power to be used sparingly, "to be held in reserve against grave, unforeseen contingencies." [*Calderon*, 523 U.S. at 550] (citation omitted). We have said in the civil context that "[t]he limited nature of this power is a reflection of the importance of finality: once parties are afforded a full and fair opportunity to litigate, the controversy must come to an end and courts must be able to clear their dockets of decided cases." *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1522 (10th Cir.1997).

*Id.*

Ultimately, this Court denied Contreras's motion to reinstate his appeal, filed 42 months after the appeal was dismissed, and found the interest of finality outweighed the interest in undertaking a direct appeal of a criminal conviction.

4

In a different case, this Court granted a motion to reinstate an appeal after it was voluntarily dismissed by a criminal defendant pursuant to an agreement with prosecutors that the U.S. Attorney's Office ultimately failed to honor. *United States v. Pinter*, 971 F.2d 554, 557–58 (10th Cir. 1992). The Court concluded that because the criminal defendant in that case was the blameless victim of the government's breach of an agreement, he was entitled to reinstatement of an appeal he would have otherwise undertaken. *Id.* at 558.

Mr. Lindsey argues that his appeal should be reinstated because the Court issued contradictory orders and he has now paid the entire filing fee 41 months after full payment was due and the appeal was dismissed. This Court did not contradict itself. In its preliminary consideration of Mr. Lindsey's IFP motion, the Court unambiguously deferred ruling on the substance of the motion, ordered prepayment of fees, and ordered partial payments to be arranged with the District Court of Kansas until the assigned panel fully ruled on the motion. [CTA10 Dkt. 60]. As promised, the assigned panel then took up the substance of the motion and denied Mr. Lindsey's request to proceed *in forma pauperis*. [CTA10 Dkt. 73]. In doing so, the Court completed its consideration of the motion and set a final deadline for full payment of the filing fee for March 2022. The order substantively denying Mr. Lindsey's IFP motion did not include a flexible deadline for payment under uncertain monthly installments or any provision to remedy a failure to pay

5

after dismissal of the appeal. Instead, it set a fixed deadline for full payment of the filing fee within 30 days of the order. Pursuant to that order, Mr. Lindsey owed whatever balance remained from the partial payments he had been made and was put on notice that failure to pay the full fee on time would result in dismissal of the appeal.

Comparing the procedural history of the instant case to the *Contreras* and *Pinter* cases discussed above, Mr. Lindsey's circumstances closely resemble those of *Contreras* and share nothing with the defendant in *Pinter*. In *Contreras*, as here, the individual sought reinstatement 42 months after the appeal was dismissed for failure to prosecute. 234 F. App'x 862, 865 (10th Cir. 2017). Here, Mr. Lindsey filed for reinstatement 41 months after his appeal was dismissed for failure to prosecute. In both cases, the appellant's failure to comply with a filing requirement was the basis for the dismissal of the appeal in the first place, in contrast to the appellant in *Pinter* who withdrew his appeal and fulfilled his obligations in an agreement with the prosecutors, who subsequently reneged with no fault attributable to Pinter. *United States v. Pinter*, 971 F.2d 554, 557–58 (10th Cir. 1992).

As in *Contreras*, three-and-a-half years have passed since the proper dismissal of the appeal, and the interests of finality and repose weigh heavily in favor of denying Mr. Lindsey's motion. The underlying case was filed six-and-a-

half years ago, complaining about matters that allegedly occurred in December 2018. There is little to no underlying record, as the district court case was dismissed for failure to exhaust and lack of jurisdiction. Any relevant information or witness recollections would be stale if available at all. This is not the direct appeal of a criminal conviction, which was a strong yet ultimately insufficient interest balanced against repose in *Contreras*.

The Court did not order any post-dismissal remedy provision, as it could have under Rule 42.1. [CTA10 Dkt. No3. 73, 80]. Under Rule 42.2, reinstatement should only be granted if the moving party has remedied the failure that caused the dismissal. Mr. Lindsey has not done so. The failure was not a general failure to pay the fee, now remedied. Rather, the failure was failure to pay the fee by March 25, 2022. Mr. Lindsey has not remedied and could not remedy that failure. Mr. Lindsey failed to meet the Court's deadline to pay the filing fee, a deadline that ultimately gave Mr. Lindsey 13 months to pay the fee after he initially docketed the appeal, and years have passed since the resultant dismissal of this appeal. The dismissal should remain undisturbed.

## Conclusion

Three-and-a-half years ago, this court dismissed Mr. Lindsey's appeal for failure to prosecute, after he had more than a year from date of docketing to pay the filing fee. No one misled Mr. Lindsey or breached an agreement with him,

7

causing him to withdraw his appeal. Instead, he was on notice that his appeal would be dismissed if he did not pay the filing fee and he did not do so. In the interest of finality and repose, Appellee Cook respectfully asks this Court to deny Mr. Lindsey's motion to reinstate his appeal and let this matter lie.

Respectfully submitted,

KRIS W. KOBACH
Attorney General

*/s/ Robert C. Hutchison*
Robert C. Hutchison, Kansas Bar #27351
Deputy Attorney General
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Phone: (785) 368-8401
Fax: (785) 296-3131
Email: Robert.hutchison@ag.ks.gov
*Counsel for Appellee Russell Cook*

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(d). I hereby certify that on November 6, 2025, the foregoing Response to Plaintiff-Appellant's Motion to reinstate Appeal was electronically filed with the Clerk of the Tenth Circuit Court of Appeals using the CM/ECF system. I also certify that a copy of the same was sent via pre-paid, first class mail to:

Jeremy J. Lindsey, No 92451
El Dorado Correctional Facility
P.O. Box 311
El Dorado, Kansas 67042

                                            */s/ Robert C. Hutchison*
                                            Robert C. Hutchison