FILED
United States Court of Appeals
Tenth Circuit

November 19, 2025

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

─────────────────────────────

JEREMY J. LINDSEY,

    Plaintiff - Appellant,

v.

RUSSELL COOK,

    Defendant - Appellee.

No. 21-3025
(D.C. No. 5:19-CV-03094-HLT-TJJ)
(D. Kan.)

─────────────────────────────

**ORDER**

─────────────────────────────

Before **MATHESON** and **PHILLIPS**, Circuit Judges.*

─────────────────────────────

This matter is before the court on Appellant Jeremy J. Lindsey's *Motion to Reinstate Appeal* and Appellee Russell Cook's *Response* thereto.

In a February 23, 2022 Order, we concluded that Mr. Lindsey has accumulated three strikes from his previous dismissals, and that he is barred from bringing this appeal unless he prepays the entire appellate filing fee or makes credible allegations that he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). We then

---

* The Honorable Mary Beck Briscoe was on the panel for this appeal in 2022, but has since taken senior inactive status and did not participate in the consideration of Appellant's motion to reinstate appeal. The practice of this court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving the appeal. *See United States v. Holcomb*, 853 F.3d 1098, 1099 n.** (10th Cir. 2017) (first citing 28 U.S.C. § 46(d) (2012); then citing *United States v. Wiles*, 106 F.3d 1516, 1516, at n.* (10th Cir. 1997)).

concluded that Mr. Lindsey had failed to meet the imminent-danger exception, denied his motion to proceed *in forma pauperis* on appeal, and did not consider the merits of his appeal. We ordered Mr. Lindsey to pay the full filing fee within thirty days of the order or the appeal would be dismissed for failure to prosecute.

On April 1, 2022, Mr. Lindsey moved to reconsider the February 23 order. We denied the motion to reconsider on April 7, 2022. When Mr. Lindsey failed to timely pay the full filing fee, the appeal was dismissed for failure to prosecute on April 12, 2022. The mandate issued concurrently.

Mr. Lindsey moves to reinstate this appeal stating that he has paid the full filing fee. Mr. Lindsey was making partial payments on the filing fee, and the district court docket shows that the filing fee was completely paid as of September 29, 2025.

Upon consideration, we deny Mr. Lindsey's motion to reinstate this appeal. Mr. Lindsey has not shown extraordinary circumstances for recalling the mandate and reinstating an appeal dismissed more than three years ago for failure to pay the filing fee in full. *See Calderon v. Thompson*, 523 U.S. 538, 549–50 (1998) (recognizing the "inherent power" of the courts of appeals to recall their mandate, but stating that "the power can be exercised only in extraordinary circumstances" and that "it is one of last resort, to be held in reserve against grave, unforeseen contingencies"); *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1522 (10th Cir. 1997) ("[T]he appellate courts have emphasized that the power to recall or modify a mandate is limited and should be exercised only in extraordinary circumstances.").

While we decline to recall the mandate and reinstate this appeal, we direct the clerk of the United States District Court for the District of Kansas to return to Mr. Lindsey the filing fee that was collected in partial payments pursuant to 28 U.S.C. § 1915(b) for this appeal. *See Meyers v. Birdsong*, 83 F.4th 1157, 1160-61 (9th Cir. 2023) (denying motion to recall the mandate and reinstate appeal but directing clerk of district court to return any filing fees collected from Meyers's prison account pursuant to § 1915(b) for the appeal).

                                      Entered for the Court

                                      Per Curiam