```
                                                                    FILED
                                                       United States Court of Appeals
UNITED STATES COURT OF APPEALS                                 Tenth Circuit

       FOR THE TENTH CIRCUIT                              February 23, 2022

                                                        Christopher M. Wolpert
                                                            Clerk of Court
```

JEREMY J. LINDSEY,

    Plaintiff - Appellant,

v.

                                                                                    No. 21-3025
                                                        (D.C. No. 5:19-CV-03094-HLT-TJJ)

RUSSELL COOK,
                                                                (D. Kan.)

    Defendant - Appellee.

**ORDER**[*]

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.

Proceeding pro se,[1] Jeremy J. Lindsey, a Kansas state prisoner, sued corrections officer Russell Cook under 42 U.S.C. § 1983.[2] The district court

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] As a pro se litigant, we liberally construe Lindsey's filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), without acting as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Lindsey also alleged various state claims. After dismissing his § 1983 claim, the district court declined to exercise supplemental jurisdiction over these other claims and dismissed them without prejudice.

dismissed Lindsey's complaint, concluding that he had failed to exhaust his administrative remedies. Lindsey now appeals the district court's decision and moves to proceed *in forma pauperis*.[3] Exercising jurisdiction under 28 U.S.C. § 1291, we deny Lindsey's motion for leave to proceed *in forma pauperis*. And because we conclude that, as a prisoner, he has had three or more cases dismissed for failure to state a claim, we do not yet reach the merits of Lindsey's appeal and must dismiss it if he fails to pay the full filing fee.

Under the Prison Litigation Reform Act, a prisoner may not bring new civil cases or appeals without prepaying the filing fees if, "on 3 or more prior occasions," he has had a case dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). This requirement is "a condition precedent which prevents a review of the merits of a three-strike-prisoner-plaintiff's claims[.]" *Dubuc v. Johnson*, 314 F.3d 1205, 1210 (10th Cir. 2003). Section 1915(g), however, provides an exception to this rule if the prisoner makes credible allegations that he is in "imminent danger of serious physical injury."[4]

Lindsey has had three previous cases dismissed. In all three cases, the district court first found that Lindsey's claims should be dismissed because he had failed to

---

[3] The district court did not consider whether Lindsey qualified as a three-strikes litigant before it reached the merits of his case. But Officer Cook raised this issue after Lindsey moved to proceed *in forma pauperis* on appeal.

[4] Our caselaw also grants us discretion to disregard the three-strike rule and reach the merits of an appeal "under extraordinary circumstances." *See Dubuc*, 314 F.3d at 1210. Lindsey has not shown extraordinary circumstances to justify the exercise of this discretion.

state a claim—one of § 1915(g)'s enumerated grounds to assess a strike. But rather than immediately dismiss Lindsey's claims, the district court ordered Lindsey to show cause as to why his case shouldn't be dismissed for failure to state a claim.

Lindsey failed to respond all three times, and the district court dismissed his claims. In the first case, the district court dismissed "for the reasons stated in its Memorandum and Order," and because Lindsey had not paid the filing fee. R. vol. 1 at 221. As for the second and third cases, the district court dismissed them "on account of plaintiff's failure to respond to the court's order." R. vol. 1 at 221–22.

Lindsey argues that these previous cases should not qualify as strikes because his nonresponses to the district court's orders are not one of § 1915(g)'s enumerated grounds. We acknowledge that a dismissal for failure to prosecute would not normally count as a strike. *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). But we may assess strikes if the "but for" cause of the dismissals arose from one of § 1915(g)'s listed reasons. *See id.*

The "but for" cause of each previous dismissal was Lindsey's failure to state a claim—a listed ground for a strike under § 1915(g). *Id.* Given this context, it would be "hypertechnical" to not assess Lindsey strikes based on the dismissals of his prior cases. *See Harvey v. Thompson*, 746 F. App'x 722, 727 (10th Cir. 2018) (citation omitted) (assessing a strike under § 1915(g) when the plaintiff had failed to respond to the district court after failing to state a claim).

Thus, Lindsey has accumulated three strikes from his previous dismissals. He is therefore barred from bringing any new cases or appeals unless he prepays the

entire filing fee or makes credible allegations that he is in "imminent danger of serious physical injury." *Hafed*, 635 F.3d at 1175 (quoting 28 U.S.C. § 1915(g)). We agree with the district court that Lindsey has failed to meet the imminent-danger exception. We therefore deny Lindsey's current *in forma pauperis* motion and do not consider the merits of his appeal.

Lindsey must pay the full filing fee within thirty days of the date of this order if he wishes to proceed with this appeal. His failure to pay the filing fee as directed will result in the appeal's dismissal for failure to prosecute. *Strope v. Cummings*, 653 F.3d 1271, 1276 (10th Cir. 2011).

        Entered for the Court

        Gregory A. Phillips
        Circuit Judge